COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


RICH PRODUCTS CORPORATION AND
 CONTINENTAL CASUALTY COMPANY

                                        MEMORANDUM OPINION*
v.   Record No. 0530-03-4                  PER CURIAM
                                          JUNE 3, 2003
MICHAEL R. STEERE


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (C. Ervin Reid; Wright, Robinson, Osthimer &
              Tatum, on briefs), for appellants.

              (William S. Sands, Jr.; Duncan and Hopkins,
              P.C., on brief), for appellee.


     Rich Products Corporation and its insurer contend the

Workers' Compensation Commission erred in finding that Michael

R. Steere was entitled to an award of temporary partial

disability benefits beginning February 13, 2000, and continuing,

based upon an average weekly wage of $700.37.  Rich Products

argues that the commission erred by not averaging all of the

wages Steere was able to earn during the first quarter of the

year 2000.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Code § 65.2-502 provides that an employer shall pay as compensation during an employee's partial incapacity, "a weekly compensation equal to 66 2/3 percent of the difference between [an employee's] average weekly wages before the injury and the average weekly wages which [the employee] is able to earn thereafter."

In Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 339 S.E.2d 570 (1986), we recognized as follows:

> The extent of earning capacity must be ascertained from the evidence, and as such is not limited to any special class of proof. All legal facts and circumstances surrounding the claim should properly be considered and due weight given them by the Commission.
>
> It was the duty of the Commission to make the best possible estimate of . . . impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . . This is a question of fact to be determined by the Commission, which if based on credible evidence, will not be disturbed on appeal.

Id. at 441, 339 S.E.2d at 573 (citation omitted).

The commission found that the following calculation constituted the best and fairest indication of Steere's partial wage loss commencing February 13, 2000:

> [Steere] alleges that as of February 13, 2000, his average weekly wage decreased. The records support his allegation. For the pay period ending February 12, 2000, [his] year-to-date earnings were $6,978.73. As of April 22, 2000, [his] year-to-date earnings were $13,982.43. Thus, during the ten-week

- 2 -

period between February 13 and April 22, 2000, [Steere] earned $7,003.70.

. . . The above calculations are based on ten weeks of earnings, which we find is more representative of [Steere's] current earning capacity and is only two weeks less than a quarterly assessment of his earnings. Thus, we find that $700.37 is a fair and accurate representation of [Steere's] current average weekly wage. His post-injury average weekly wage is $160.63 less than his pre-injury average weekly wage of $861.00; thus, he is entitled to temporary partial disability benefits in the weekly amount of $107.09.

(Footnotes omitted.) The commission rejected Rich Products's argument that the commission was required to review Steere's wages from the beginning of the year 2000, instead of the date the alleged decrease in wages occurred. The commission assessed Steere's current average weekly wage as of February 13, 2000, the date upon which his wages decreased.

Contrary to Rich Products's contention, no language in Code § 65.2-502 requires that the commission average all of an injured employee's post-injury wages in order to determine the average weekly wage for the purpose of awarding temporary partial disability benefits commencing on a specific date.

The wage records established that from February 13, 2000, the date upon which Steere's wages decreased, through April 22, 2000, Steere earned an average weekly wage lower than his pre-injury average weekly wage of $861, during nine out of ten weeks. The commission, as fact finder, was entitled to reject

- 3 -

Rich Products's contention that the average weekly wage should be calculated from the beginning of the year 2000. Credible evidence proved that between February 13, 2000 and April 22, 2000, Steere earned more than his pre-injury average weekly wage during only one out of ten weeks. To compute the average weekly wage as proposed by Rich Products would have deprived Steere of compensation when his earnings were well below his pre-injury average weekly wage during the majority of that period. Credible evidence supports the commission's findings, and the commission's calculation best indicates Steere's partial wage loss commencing February 13, 2000.

Accordingly, we affirm the commission's award.

<u>Affirmed.</u>